**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

RODERICK DALE BROWN                                                                                    PLAINTIFF

v.                                              4:20-cv-01372-BSM-JJV

STAR CITY JAIL; *et al.*                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.    INTRODUCTION**

Plaintiff Roderick Dale Brown ("Plaintiff") is currently in custody in the Lonoke County Detention Center. At the time he filed his Complaint, he was incarcerated in the Lincoln County Detention Center awaiting trial on pending criminal charges. (Doc. No. 2 at 3.) Plaintiff sued the Star City Jail, Lincoln County Sheriff Lenard Hogg, Jail Administrator Nicole Rogers, and

Jailor Dillion in their official capacities only. (*Id*. at 1-2.) According to Plaintiff, he was booked into the Lincoln County Jail on October 21, 2020. (*Id*. at 4.) Defendant Dillon gave Plaintiff a floor mat on which to sleep. (*Id*.) The mat had no cushion inside. (*Id*.) Plaintiff complained to Defendant Rogers about the mat. (*Id*.) She purportedly told Plaintiff that Defendant Hogg had ordered new mats, but she did not know when the new mats would be in. (Doc. No. 2 at 4.) As of November 11, 2020, Plaintiff had not been provided a new or better mat. (*Id*.) Plaintiff's lower back and other body parts ache as a result of sleeping on a mat without a cushion. (*Id*.)

Plaintiff further alleged that after being booked in, he was placed in a quarantine cell. (*Id*.) When his 14 days of quarantine were finished, however, "they brought other people from the streets or other jails in the same cell . . . ." (*Id*.) He said he was never moved out of the quarantine cell and never provided a mask. (*Id*.) Plaintiff seeks damages for alleged cruel and unusual punishment. (Doc. No. 2 at 5.)

II.     **SCREENING**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words,

the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.   PLAINTIFF'S COMPLAINT

As a part of the screening process, on November 20, 2020 I notified Plaintiff that his Complaint, as currently pled, failed to state a claim upon which relief may be granted. (Doc. No. 4.) I also explained to Plaintiff the deficiencies in his Complaint. (*Id*. at 4-5.) Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him. (*Id.* at 8.) Plaintiff was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice. (*Id*. at 6, 8.) Plaintiff has not filed an Amended Complaint and the time for doing so has passed.

Plaintiff's Complaint is deficient. Plaintiff sued the Star City Jail. (Doc. No. 2.) The Jail, however, is not a "person" subject to suit under 42 U.S.C. § 1983. *See Da La Garza v. Kandiyohi Cty. Jail, Corr. Inst*., 18 F. App'x 436, 437 (8th Cir. 2001). Accordingly, Plaintiff failed to state a claim on which relief may be granted against the jail.

Plaintiff sued Defendants in their official capacities only. (Doc. No. 2 at 1-2.) As to Plaintiff's official capacity claims, he has not alleged that a policy, custom, or failure to train was the moving force behind his alleged injury. (*Id*. at 4-5.) Accordingly, Plaintiff failed to state an official capacity claim against Defendants. *See Corwin v. City of Independence, Missouri,* 829

F.3d 695, 699 (8th Cir. 2016) (*citing Monnell v. Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)).

Plaintiff was warned of the deficiencies in his Complaint, and I explained to him what any Amended Complaint should include to cure the deficiencies. (Doc. No. 4 at 5-6.) Yet Plaintiff has not filed an Amended Complaint. Because Plaintiff has not cured the defects in his Complaint, his Complaint should be dismissed for failure to state a claim as explained above.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 29th day of December 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."